# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL SALAAM, : | CIVIL ACTION |
|     Petitioner, : | (Habeas Corpus) |
| : | |
| v. : | |
| : | ORAL ARGUMENT REQUESTED |
| GEORGE W. BUSH, *et al.*, : | |
|     Respondents. : | No. 1:05-CV-01013 |
| : | (Judge John D. Bates) |

## PETITIONER'S MOTION FOR FACTUAL RETURNS AND MEDICAL INFORMATION

### Procedural History

Petitioner, a prisoner at Guantanamo Bay, sent a *pro se* request for habeas relief to the Court in March of 2004 or 2005. The *pro se* request was docketed on May 18, 2005. On May 25, 2005, the Court entered an order staying the case pending resolution of the appeals in *In re Guantanamo Detainee Cases*, 335 F.Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F.Supp. 2d 311 (D.D.C. 2005). In addition, this court entered by way of reference the protective and supplementary orders previously file in connection with the *In re Guantanamo Detainee Cases*, No. 02-CV-0299, et al., by Judge Joyce Hens Green.

On June 3, 2005, respondents moved to stay the proceedings pending related appeals and for coordination (hereinafter referred to and cited at "Stay Motion"). On

June 17, 2005, this Court denied respondents' motion as moot. Undersigned counsel was appointed to represent petitioner on October 14, 2005. On January 4, 2006, counsel filed an amended petition for writ of habeas corpus and a motion for respondents to provide counsel for the petitioner a 30-day notice if they intend to remove petitioner from Guantanamo. On the same date, the respondents filed notice of supplemental authority, indicating that, in their view, recently enacted legislation (as of December 30, 2005) retrospectively abolished this Court's jurisdiction to consider habeas corpus petitions filed by Guantanamo detainees, and that based upon such enactment, respondents would be moving to dismiss this case.[1]

### The Protective Order

Counsel agrees to the terms of the protective orders previously entered in the other Guantanamo detainee cases, and has begun the process of seeking security clearance as provided in such orders.

### Factual Returns and CSRT

Mr. Salaam has petitioned this Court for habeas relief. He has alleged that he is unlawfully detained and that there is no justifiable reason for his detention. He is entitled to be informed of the nature of the respondent's allegations against him under

---

[1] As the legislation does not contain a retroactivity provision, petitioner disputes the alleged basis for supplemental authority and will provide authority in his response to any motion to dismiss filed by respondents.

the Fifth and Sixth Amendments to the United States Constitution.

In their motion for stay of proceedings and coordination, respondents asserted that "little utility would be served by requiring respondents to submit factual returns at this time," that such returns "include both classified and unclassified material, and often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that, pursuant to military rules and/or the Protective Orders entered in various detainee habeas cases, may not be shared with a detainee."  Stay Motion at p. 4.  First, there is little risk of disclosure of classified information.  Counsel has begun the process to obtain a security clearance and has every intention of fully abiding by the protective orders.

Second, the respondents also claim that the factual return in these cases "have typically consisted of records of proceedings before the Combat Status Review Tribunal ("CSRT")." *Id.* at 4.  Thus, the respondents concede that they have already organized the facts behind the charges.  Indeed, as a result of a successful Associated Press Freedom of Information Act case, the government was required to release a sampling of unclassified CSRT files for about 60 detainees, which can be viewed at http://wid.ap.org/documents/detainees/list.html. The files typically have name and country redacted. Having produced files, even in redacted form, to the Associated Press for viewing, there is little cause for concern in producing similar information to

petitioner's counsel. Without the ability to review the CSRT file, counsel will have significant difficulty in determining the lawfulness of the detention, preparing the case, and discussing the facts with petitioner.

This Court, as well as, Judges Friedman, Huvelle, Kessler, Roberts, Sullivan, Urbina and Walton, have ordered respondents to make factual returns. Moreover, while acknowledging respondents' national security concerns, this Court has concluded that, even in an initial meeting, "the factual returns are necessary for . . . counsel effectively to represent petitioner[]." *Al-Anazi v. Bush*, 370 F. Supp. 2d 188, 199-200 (D.D.C. 2005).[2] As here, a stay had been issued in *Al-Anazi*; nonetheless, this Court ordered respondents to file the factual returns. Id. at 199.

On at least two occasions, when respondents were ordered to provide factual returns within seven days they were able to comply without issue. *See Errachidi v. Bush*, 05-640, docket numbers 15 and 16 (Judge Sullivan on 21 April 2005 ordered the respondents to make their return within seven days and the respondents did so on 26 April 2005) and *Abdullah v. Bush*, 05-23, docket numbers 24-26 (Judge Roberts on 8

---

[2]*See also Qayed v. Bush*, 05-454, docket number 5, page 2 (Urbina, J):

> As to the government's concerns regarding classified information, the protective orders that counsel anticipates will be entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the return; the court is confident that the government can handle this task.

April 2005 required the respondents to file factual returns by 14 April 2005 and the respondents did so on 15 April 2005). Petitioner respectfully requests that this Court require that factual returns be filed within 30 days.[3]

### Disclosure of Petitioner's Medical Condition

Because of media accounts of detainee hunger strikes at Guantanamo Bay, counsel requests information regarding whether petitioner is participating in such activity and, further, any and all information respecting his medical condition.

The situation at Guantanamo Bay is dire. There is a hunger strike in progress. *See, e.g.*, *More Guantanamo Prisoners on Hunger Strike*, Washington Post, December 29, 2005 ("Forty-six detainees joined 38 already on strike on Dec. 25"); *Lawyers Seek Improved Conditions for Suicidal Detainee*, Washington Post, November 5, 2005, at A08 ("two dozen detainees are being force-fed at the facility because of a lengthy hunger strike protesting conditions and treatment at Guantanamo Bay"); *Three Bahrainis Released from Guantanamo*, New York Times, November 5, 2005 ("nearly 30 prisoners have been on hunger strike since August to protest their confinement"); *Guantanamo Desperation Seen in Suicide Attempts*, Washington Post, November 1, 2005, at A01 ("Two dozen Guantanamo Bay detainees are currently being force-fed

---

[3] Since counsel is still in the process of obtaining security clearance, counsel requests that respondents submit factual returns to the secure facility, where counsel can review the documents immediately upon receiving clearance.

in response to a lengthy hunger strike...").

In a recently unclassified declaration, an attorney for a detainee described her observations from a recent visit to Guantanamo. *Supplemental Declaration by Julia Tarver, Esq.* (filed in Al Joudi v. Bush, No. 05-0301 (GK), D.C. District Court, on October 13, 2005), Exhibit A, attached. Tarver describes the deteriorated condition of her clients and notes their descriptions of the violent force feeding to which they were subjected.

As counsel will not have access to petitioner until the security clearance process is completed, and as that process will take many weeks, petitioner's health may be in jeopardy. Indeed, the medical information will be crucial in determining how quickly to arrange to see petitioner. Consequently, counsel requests basic medical information regarding petitioner's condition and an indication as to whether he is participating in the hunger strike. Such request would not unduly burden respondents.

## CONCLUSION

For the reasons discussed above, the Court should order respondents to provide factual returns within thirty days of the entry of the order, and direct respondents to provide medical information regarding petitioner's health forthwith.

                                                Respectfully submitted,

                                                /s/James V. Wade
                                                James V. Wade (PA 33352)
                                                Federal Public Defender
                                                100 Chestnut Street, Suite 306
                                                Harrisburg, PA 17101
                                                Tel. No. (717) 782-2237
                                                Fax No. (717) 782-3881
                                                (James_Wade@fd.org)

                                                Leo Latella (PA 68942)
                                                Assistant Federal Defender
                                                Kane Professional Building, Suite 2C
                                                116 North Washington Avenue
                                                Scranton, PA 18503
                                                Tel. No. (570) 343-6285
                                                Fax No. (570) 343-6225
                                                (Leo_Latella@fd.org)

Dated:   January 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via the e-filing system on the following counsel of record for respondents:

Mr. Terry M. Henry
US DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20529-0001


/s/James V. Wade
James V. Wade


Dated:        January 6, 2006